# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7587 | **DATE** | 7/8/2004 |
| **CASE TITLE** | United States of America *ex rel* Fred Cisero vs. Paul Barnett, Warden, Robinson Corr. Ctr. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Fred Cisero's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. See attached.

*/s/ Charles Norgle/*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUL 1 4 2004 | |
| | Notified counsel by telephone. | date docketed | 13 |
| X | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | |
| | Copy to judge/magistrate judge. | 2004 JUL 13 PM 4:15 | date mailed notice |
| | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

United States of America *ex rel.* ) JUL 1 4 2004
FRED CISERO, )
) No. 03 C 3585
      Plaintiff, )
)
v. ) Honorable Charles R. Norgle
)
PAUL BARNETT, Warden, Robinson )
Correctional Center )
)
      Defendants. )

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Fred Cisero's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, Fred Cisero ("Cisero" or "Petitioner"), challenges his conviction for delivery of a controlled substance, in violation of 720 Ill. Comp. Stat. 570/401(a)(2)(D). Cisero argues that he is entitled to habeas relief based on prosecutorial misconduct, which deprived him of his federal due process right to a fair trial, and a violation of Brady v. Maryland, 373 U.S. 83 (1963). For the reasons stated below, the petition is denied.

## I. BACKGROUND

On habeas review, the court must presume that the state courts' factual determinations are correct unless the petitioner rebuts the presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Sumner v. Mata, 449 U.S. 539, 544-46 (1981); Todd v. Schomig, 283 F.3d 842, 846 (7th Cir. 2002). Cisero has not presented clear and convincing evidence to rebut this presumption. Therefore, the court adopts the Illinois Appellate Court's recitation of facts. See People v. Cisero, No. 98-1830, 775 N.E.2d 1068 (Ill. App. Ct. June 30, 2000) (unpublished opinion); see also Resp's.

Answer, Ex. B.

## A. Facts

On June 21, 1995, Cisero delivered nearly five kilograms of cocaine to an individual named E.K. Chinwah, who was cooperating in an ongoing investigation by the United States Drug Enforcement Agency ("DEA"). The following day, Cisero received a bag from Chinwah, which contained approximately $125,000 in cash. The DEA videotaped the transaction, and had also taped several conversations between Cisero and Chinwah leading up to the transaction.

On October 16, 1995, a group of federal and local law enforcement officers went to Cisero's home to discuss his participation in the June transaction and to seek his cooperation in the investigation of another individual. During the visit, Cisero made statements to the officers detailing his involvement in various drug transactions. In addition, Cisero gave the officers a handgun, two shotguns, and approximately $27,000 in cash. At that time, Cisero agreed to cooperate with law enforcement; however, a few days later he expressed his intention not to cooperate.

On November 2, 1995, Cisero was arrested and charged with one count of delivery of a controlled substance, based on the June transaction, and three counts of unlawful use of a weapon by a felon, based on the handgun and shotguns he turned over to law enforcement officers on October 16. The State dropped the unlawful use of a weapon charges, and proceeded to trial on the delivery of a controlled substance charge.

## B. Procedural History

Prior to trial, Cisero filed a motion to suppress certain statements and evidence given to law enforcement officials during the October 16 visit to his home. On September 24, 1997, a hearing was held and the motion was denied. On April 16, 1998, following a jury trial in the Circuit Court

2

of Cook County, Cisero was convicted of one count of delivery of a controlled substance, in violation of 720 Ill. Comp. Stat. 570/401(a)(2)(D), and sentenced to a term of twenty years imprisonment.

Cisero filed a direct appeal from his conviction to the Illinois Appellate Court, First Judicial District, raising the following issues: (1) the trial court erred in not suppressing a statement made during custodial interrogation in violation of Miranda v. Arizona, 384 U.S. 436 (1966); (2) various comments, amounting to prosecutorial misconduct, resulted in the denial of a fair trial; and (3) the trial court abused its discretion in not granting a continuance based on the State's late production of information that the United States Attorney had elected not to prosecute an individual who testified against Cisero. See Resp's. Answer, Ex. A (Cisero's appellate brief). On June 30, 2000, the Illinois Appellate Court affirmed Cisero's conviction. See People v. Cisero, No. 98-1830, 775 N.E.2d 1068 (Ill. App. Ct. June 30, 2000) (unpublished opinion); see also Resp's. Answer, Ex. B.

Cisero then filed a petition for leave to appeal to the Illinois Supreme Court, raising the single issue of prosecutorial misconduct. See Resp's. Answer Ex. C (Cisero's petition for leave to appeal). On October 4, 2000, the Illinois Supreme Court denied Cisero's petition for leave to appeal. See People v. Cisero, 738 N.E.2d 930 (Ill. Oct. 4, 2000); see also Resp's. Answer, Ex. D.

Cisero filed his petition seeking a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2254, in the federal district court on October 2, 2001, within the one-year deadline provided by 28 U.S.C. § 2244(d)(1). In the instant petition, Cisero argues that he is entitled to habeas relief based on prosecutorial misconduct, which deprived him of his federal due process right to a fair trial, and a violation of Brady v. Maryland, 373 U.S. 83 (1963). With regard to the prosecutorial misconduct claim, Cisero argues that "[r]epeated improper comments by the prosecutor, in closing arguments

3

to the jury, denied [him] a fair trial." Cisero's Pet. for Writ of Habeas Corpus, Part III(1)(A). With regard to the Brady violation claim, Cisero argues that the State failed to timely disclose the fact that "the informant [Chinwah], who testified at trial, was not going to be prosecuted for an unrelated Federal investigation . . . ." Id., Part III(1)(B).

## II. ANALYSIS

### A. *Standard of Decision*

Cisero's petition is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. The statute states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court's decision is *contrary to* clearly established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [it]." Williams v. Taylor, 529 U.S. 362, 405 (2000). A state court's decision is an *unreasonable application* of clearly established Supreme Court law "if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of a particular prisoner's case" or "if the state court

either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. In order for a state court decision to be considered "unreasonable" under this standard it must be more than incorrect, it must lie "well outside the boundaries of permissible differences of opinion." Hardaway v. Young, 302 F.3d 757, 762 (7th Cir. 2002); see also Schultz v. Page, 313 F.3d 1010, 1015 (7th Cir. 2002) ("The state court decision is reasonable if it is minimally consistent with the facts and circumstances of the case.").

Before reviewing the Illinois courts' decisions, however, the court must determine whether Cisero fairly presented his federal claims to the state courts. Section 2254 requires a habeas petitioner to exhaust the remedies available in state court prior to pursuing federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A). Any claim not presented to the state's highest court is deemed procedurally defaulted. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (indicating that "a petition for discretionary review in Illinois' Supreme Court is a normal, simple, and established part of the State's appellate review process").

In addition to exhausting the remedies available in state court, a habeas petitioner is procedurally barred from raising claims in a federal habeas court that he did not raise in the state court proceedings. See O'Sullivan, 526 U.S. at 848 (holding that a petitioner's failure to present three claims to the Illinois Supreme Court for discretionary review resulted in a procedural default of those claims). Fair presentment of a constitutional claim requires a habeas petitioner to present both the operative facts and the controlling legal principles to the state court before bringing the claims to a federal habeas court. Cf. Rodriguez v. Scillia, 193 F.3d 913, 916 (7th Cir. 1999) (discussing exhaustion of claim) (citing Picard v. Connor, 404 U.S. 270, 277 (1971)). Thus, a

5

habeas petitioner procedurally defaults, or waives, any claim raised for the first time in federal court.

Also, federal habeas courts cannot review claims that the state court has disposed of on state law grounds. See Stewart v. Smith, 536 U.S. 846, 860 (2002); see also Lambrix v. Singletary, 520 U.S. 518, 523-24 (1997) (noting that where "the state law determination is sufficient to sustain the decree, any opinion . . . on the federal question would be purely advisory.") (citing Herb v. Pitcairn, 324 U.S. 117, 125-26 (1945)). Put another way, federal habeas relief is not available if the state court decision rests on state law that "is independent of the federal question and adequate to support the judgment." See Coleman v. Thompson, 501 U.S. 722, 729 (1991). For example, waiver under state law is an independent and adequate state law ground for dismissal that can preclude federal habeas relief. Thus, when a state court determines that a habeas petitioner waives a claim in state court, that waiver is an independent and adequate state law determination that bars federal habeas relief. See Harris v. Reed, 489 U.S. 255, 258 (1989) (citing Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977)); see also Wright v. Walls, 288 F.3d 937, 947 (7th Cir. 2002) (waiver is an independent and adequate state ground in Illinois); Patrasso v. Nelson, 121 F.3d 297, 301-02 (7th Cir. 1997) (comparing waiver and res judicata under Illinois law, and the consequences of each on subsequent federal habeas review). However, for waiver to bar federal habeas review, the last state court to consider the question must have "actually relied on procedural default as the basis for its decision." Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000). If that is not so, the merits of the issue are preserved for federal habeas review. See id.

A federal court may not grant habeas relief on a defaulted claim unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of

justice. See Edwards v. Carpenter, 529 U.S. 446, 450-52 (2000); Coleman, 501 U.S. at 750; Anderson v. Cowen, 227 F.3d 893, 899 (7th Cir. 2000).

## B. *Cisero's Arguments*

### 1. *Prosecutorial Misconduct*

With regard to the prosecutorial misconduct claim, Cisero argues that "[r]epeated improper comments by the prosecutor, in closing arguments to the jury, denied [him] a fair trial." Cisero's Pet. for Writ of Habeas Corpus, Part III(1)(A). Specifically, Cisero claims that the following comments by the prosecutor deprived him of his right to a fair trial: (1) "Fred's been sitting here during these last two weeks meekly in the courtroom."; (2) "Well, the defendant is presumed to be innocent. They [the defense] presume all of you to be naive and gullible."; (3) "They [the defense] don't want you to think about the evidence."; (4) "We will ask you to put a major drug dealer out of business."; and (5) references to Cisero's attorney as a "skilled lawyer" and a "fancy lawyer". Cisero's Pet. for Writ of Habeas Corpus, Part III(1)(A).

The Illinois Appellate Court reviewed Cisero's claims of prosecutorial misconduct, finding that, under Illinois law, he had waived any challenge to the majority of the alleged improper comments by failing to include them in his post-trial motion. See People v. Cisero, No. 98-1830, slip op. at 24 (citing People v. Herrett, 137 Ill. 2d 195, 209, 561 N.E.2d 1 (1990); People v. Enoch, 122 Ill. 2d 176, 185-86, 522 N.E.2d 1124 (1989)). Because waiver is an independent and adequate state ground and Cisero offers no explanation for this procedural default, the court cannot review these specific claims of prosecutorial misconduct. See Stewart, 536 U.S. at 860; Wright, 288 F.3d at 947 (waiver is an independent and adequate state ground in Illinois).

The Illinois Appellate Court found that only two claims of prosecutorial misconduct were

preserved for review. The first statement was the prosecution's remark, in opening statements, that "You [the jury] are now going to hear from the defendant's attorney who is a very skilled lawyer." See People v. Cisero, No. 98-1830, slip op. at 25. The second statement was the prosecution's remark, in closing arguments, that "E.K. [the informant who testified against Cisero] had to cooperate because he could not afford an expensive attorney like defendant." See id. The Illinois Appellate Court analogized these comments to People v. Everette, 581 N.E.2d 109 (Ill. App. Ct. 1991), in which the prosecution referred to the defendant's attorney as a "hired gun." See id. at 28. The Illinois Appellate Court indicated that the comments directed against Cisero's attorney did not rise to level of the comments in Everette; however, the court found that these two statements were improper, but "based on the overwhelming evidence against defendant, the comments do not require a new trial." Id. at 28. Proceeding, the court stated: "We therefore hold that the two complained-of comments were not so inflammatory that they prejudiced defendant or denied him a fair trial." Id.

These two claims of prosecutorial misconduct are preserved for habeas review by this court. The leading United States Supreme Court case on the issue of improper prosecutorial comments during trial is Darden v. Wainwright, 477 U.S. 168 (1986). The Seventh Circuit, in adhering to Darden, follows a two-step course when deciding whether prosecutorial misconduct, including improper comments to the jury at trial, is so egregious that it requires a new trial as a matter of constitutional law. See Whitehead v. Cowan, 263 F.3d 708, 728 (7th Cir. 2001). First, the court must look at the comments in isolation to determine if they were improper. See id. If they are proper, the analysis ends. See id. If the comments appear improper, the court must then examine the comments in light of the record as a whole to determine whether they deprived the defendant of a fair trial. See id. (citing United States v. Whitaker, 127 F.3d 595, 606 (7th Cir. 1997)). To make

8

this determination, a court must consider six factors set forth in Darden: "(1) whether the prosecutor misstated the evidence; (2) whether the remarks implicate specific rights of the accused; (3) whether the defense invited the response; (4) the trial court's instructions; (5) the weight of the evidence against the defendant; and (6) the defendant's opportunity to rebut." Id. (citing Howard v. Gramley, 225 F.3d 784, 793 (7th Cir. 2000)).

The Illinois Appellate Court adhered to the two-step framework set forth in Darden. As to the first step of the Darden analysis, the Illinois Appellate Court indicated that the comments did not rise to the level of error reflected in other cases, but rather presumed that the comments were improper. See People v. Cisero, No. 98-1830, slip op. at 28. As to the second step of the Darden analysis, the court did not recite with precision the factors set forth in Darden, but rather focused on the Darden factor that the Seventh Circuit has deemed to be the most important – the weight of evidence against the defendant. See, e.g., Howard, 225 F.3d at 793. As the Seventh Circuit has stated: "'[S]trong evidence of guilt eliminates any lingering doubt that the prosecutor's remarks unfairly prejudiced the jury's deliberations.'" Rodriguez v. Peters, 63 F.3d 546, 558 (7th Cir. 1995) (quoting United States v. Gonzalez, 933 F.2d 417, 431-32 (7th Cir. 1991)). As indicated by the Illinois Appellate Court, "[t]he record reveals that there was considerable evidence of defendant's involvement in the drug transaction at issue including audio and visual tapes of defendant, the testimony of the investigating officers, defendant's fingerprints, and his own statements regarding his involvement." See People v. Cisero, No. 98-1830, slip op. at 26. The Illinois Appellate Court concluded its analysis of this issue stating that because "there was considerable evidence of defendant's involvement in the drug transaction in June 1995 . . . [i]t is doubtful that the jury verdict would have been different even if these complained-of comments had not been made to the jury."

Id. at 28. Based on the foregoing analysis, the court cannot conclude that the Illinois Appellate Court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); see also Williams, 529 U.S. at 405.

In sum, Cisero fails to address the Illinois Appellate Court's decision, and thus fails in his burden of establishing that its decision on his prosecutorial misconduct claim was either "contrary to" or "involved an unreasonable application" of clearly established United States Supreme Court precedent. See Lechner v. Frank, 341 F.3d 635, 638 (7th Cir. 2003); see also Woodford v. Visciotti, 537 U.S. 19, 24-25 (2003) (petitioner has the burden of establishing that the state court applied facts in an objectively unreasonable manner). Therefore, the court denies Cisero's prosecutorial misconduct claim.

### 2. Brady *Violation*

With regard to the Brady violation claim, Cisero argues that the State failed to timely disclose the fact that Chinwah, "who testified at trial, was not going to be prosecuted for an unrelated Federal investigation . . . ." Cisero's Pet. for Writ of Habeas Corpus, Part III(1)(B). Specifically, on the day of Cisero's trial, prior to *voir dire*, the prosecution informed the court and Cisero that the United States Attorney had elected not to prosecute Chinwah, who testified against Cisero at trial.

Cisero did not raise his claim of a Brady violation in his petition for leave to appeal to the Illinois Supreme Court, and as a result that claim is procedurally defaulted. See O'Sullivan, 526 U.S. at 848 (holding that a petitioner's failure to present three claims to the Illinois Supreme Court for discretionary review resulted in a procedural default of those claims). Further, Cisero does not attempt to establish cause and prejudice for failing to raise this claim in the state court so as to allow

10

the court to review this claim. See Edwards, 529 U.S. at 450-52. As such, the court is prohibited from considering the merits of Cisero's claim unless he can demonstrate a sufficient probability that our failure to review his federal claim will result in a fundamental miscarriage of justice. See id.; see also Gomez v. Jaimet, 350 F.3d 673, 679 (7th Cir. 2003) ("The fundamental-miscarriage-of-justice exception applies only in the 'extremely rare' and 'extraordinary case' where the petitioner is actually innocent of the crime for which he is imprisoned.") (quoting Schlup v. Delo, 513 U.S. 298 (1995)). Similarly, Cisero makes no claim that failure to review his federal claim will result in a fundamental miscarriage of justice. Therefore, the court is prohibited from considering the merits of Cisero's Brady violation claim.

## III. CONCLUSION

For the foregoing reasons, Fred Cisero's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

IT IS SO ORDERED

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 7-8-04